IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 16-10137-LTS |
| ) | |
| KENNETH BRISSETTE and ) | |
| TIMOTHY SULLIVAN, ) | **FILED UNDER SEAL** |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO DISQUALIFY ATTORNEY THOMAS KILEY**

The United States of America, by Carmen M. Ortiz, United States Attorney, Laura J. Kaplan and Kristina E. Barclay, Assistant United States Attorneys for the District of Massachusetts, submits this reply to defendant's opposition to the government's motion to disqualify Thomas Kiley from acting as counsel for defendant Timothy Sullivan ("SULLIVAN") due to a conflict of interest. Since SULLIVAN'S counsel now acknowledges that he has a "concurrent conflict of interest," and has terminated his representation of Joseph Rull, the government withdraws its motion with the below provisos.

First, the government objects to SULLIVAN's allegation that the government "manufactured" a conflict of interest on the eve of indictment in June 2016. (See Defendant's Memorandum of Law, page 6). In fact, as early as March 4, 2016, the government notified SULLIVAN's counsel that it believed his representation of four different individuals in connection with this investigation

presented a potential, if not actual, conflict of interest. Thereafter, counsel for the government and SULLIVAN had multiple conversations over several months about the government's concern. Not once - even after client Joseph Rull provided information implicating client SULLIVAN - did SULLIVAN's counsel indicate that he would cease representation of any of his four clients.

Second, the government believes that the testimony of now-former client, Joseph Rull, does, in fact, implicate defendant SULLIVAN and is problematic regardless of the fact that SULLIVAN's counsel no longer represents Rull.  As SULLIVAN's counsel acknowledges, his representation of SULLIVAN and former representation of Rull at a minimum represents a potential conflict of interest which must be addressed.  Allowing another attorney, who is not a member of SULLIVAN's counsel's law firm, to cross-examine Rull may provide an adequate solution.

Finally, the government does not believe that an affidavit from SULLIVAN is sufficient to ensure that SULLIVAN fully understands the implications of his waiver of conflict-free representation. Therefore, the government respectfully requests that the Court conduct a thorough colloquy of SULLIVAN to ensure that his waiver

of any potential conflict of interest is voluntary and knowing.

                        Respectfully submitted,

                        CARMEN M. ORTIZ
                        UNITED STATES ATTORNEY

By: _____
                        Laura J. Kaplan
                        Kristina E. Barclay
                        Assistant U.S. Attorneys
                        (617) 748-3100

## LOCAL RULE 7.1 CERTIFICATION

I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

_____
Laura J. Kaplan
Assistant U.S. Attorney

Date: August 1, 2016

## CERTIFICATE OF SERVICE

I, Laura J. Kaplan, Assistant U.S. Attorney, certify that on August 1, 2016, I caused a copy of the government's motion to be served by hand on defendant Sullivan's attorney Thomas Kiley and defendant Brissette's attorney William Kettlewell.

_____
Laura J. Kaplan
Assistant U.S. Attorney