UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 16-10137-LTS |
| | ) | |
| (1) KENNETH BRISSETTE, and | ) | |
| (2) TIMOTHY SULLIVAN | ) | |
| | ) | |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE CHARGES AND VERDICT IN THE TOP CHEF CASE

The United States of America, by its undersigned attorneys, moves this Court in limine to exclude both evidence of and cross-examination concerning the charges and verdict in criminal case *United States v. Fidler*, et al., 15-CR-10300 (the Top Chef case).   As set forth below, the very limited overlap between the two criminal cases does not provide any basis for the potentially confusing and prejudicial introduction of the charges and verdict in the Top Chef case in a trial related solely to Kenneth Brissette ("BRISSETTE") and Timothy Sullivan's ("Sullivan") extortion of Crash Line Productions.   The evidence should be precluded as inadmissable and prejudicial under Fed. R. Evid. 403.

### Relevant Background

The Court is by now well aware of the events involving the Top Chef case.   Neither defendant was charged in that case.   On October 27, 2017, BRISSETTE moved to preclude the government from presenting the Top Chef evidence at trial arguing that the allegations are irrelevant to proving the charges in this case and likely to confuse the issues, mislead the jury, waste time, and unfairly prejudice him   (Docket No. 125).   On February 28, 2018, the Court denied Brissette's motion and ruled that the government had articulated theories pursuant to

which at least some Top Chef evidence would be relevant and admissible in this case (Docket

No. 192).   The Court did not preclude the defendants from cross-examining and responding to

such evidence.   The government does not intend to elicit testimony beyond the Court's Order

and certainly not about the specific charges and verdict in the Top Chef, which resulted in an

acquittal of four defendants and guilty plea as to another.   The government has conferred with

counsel for defendants about whether they intend to introduce evidence of the charges and

verdict in the Top Chef case.   SULLIVAN's counsel stated his position in an email that

"nothing pertaining to the Top Chef matters should be admissible as to Sullivan" and he was not

planning to introduce the subject.   He did not specifically assent to the government's motion.

BRISSETTE's counsel informed the government that:

> If the government introduces evidence or argument concerning Top Chef-related
> matters, we will seek to elicit testimony concerning the issues involving Top Chef,
> including the charges and/or verdict in that case.   We will not do so if the government
> does not introduce Top Chef-related evidence or argument at trial.

## Argument

Admission of evidence of an acquittal in a prior court proceeding is usually not allowed.

*See United States v. Bisanti*, 414 F.3d 168 (1st Cir. 2005)("…the fact of acquittal in a prior court

proceeding involving similar subject matter is usually not admitted into evidence. *See United*

*States v. Marrero-Ortiz,* 160 F.3d 768, 775 (1st Cir. 1998); *see also United States v. Smith*, 145

F.3d 458, 462 (1st Cir. 1998)).   That is because such acquittals are not generally probative of the

defendant's innocence in the case at trial and the information has a tendency to confuse the jury

rather than assist it.   *Marrero-Ortiz*, 160 F.3d at 775.   It is also potentially prejudicial to the

government.   In *Marrero-Ortiz*, the First Circuit joined several other circuits in holding that a

district court has discretion to exclude from evidence acquittals or other favorable outcomes of

2

prior state court proceedings involving the same subject matter.   The Court stated the following:

\

> "The rationale is plain: such evidence ordinarily does not prove
> innocence. After all, cases are dismissed for a variety of reasons,
> many of which are unrelated to culpability. Because evidence of
> a dismissal may have served to confuse the jury rather than to assist
> it, the district court had the authority to exclude such evidence here.
> *See* Fed. R. Evid. 403."

Defendant BRISSETTE'S position and intention to introduce evidence of the charges and verdict in the Top Chef case is completely unreasonable.   The government needs certain evidence from the Top Chef case to prove a critical element of the crimes charged, i.e. the defendants' knowledge, intent and absence of mistake, while defendants seek to use evidence of the charges and acquittals to prejudice the jury.   The charges and verdict in another case, which did not involve these defendants, have no relevance, and defendants seek to introduce that information for the sole purpose of trying to prejudice the jury.   The defendants are not the same, the events at issue are not the same, and the charges are not the same.   Any attempt to link the two cases beyond what the government has previously asserted it will use this evidence to show (Docket No. 140) would be extremely confusing to a jury.   Moreover, testimony about not guilty verdicts in another case involving other defendants and other events and evidence is not probative of anything, but vastly prejudicial under Rule 403.

WHEREFORE, the United States respectfully requests that defendants be precluded from offering evidence of the charges and verdict in the Top Chef at the trial of this case.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:      */s/ Laura J. Kaplan*
Laura J. Kaplan
Kristina E. Barclay
Assistant U.S. Attorneys
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, this document was served on counsel for the defendants by electronic mail.

*/s/ Laura J. Kaplan*
LAURA J. KAPLAN
Assistant U.S. Attorney

Dated: July 11, 2019