**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 16-cr-10137-LTS |
| | ) |
| KENNETH BRISSETTE and | ) |
| TIMOTHY SULLIVAN | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT SULLIVAN'S MOTION REQUESTING A PRETRIAL "JAMES HEARING" AND RELATED RELIEF**

Defendant Timothy Sullivan submits this memorandum of law in support of his motion for a pretrial "James Hearing" on the admissibility of co-conspirator hearsay statements against him and to preclude the government from referencing such statements in its opening. *Jencks* material provided by the government at 4:45P.M. on July 11 references memoranda prepared by an unindicted alleged co-conspirator and knowledge about what Appel had been told. The memoranda and what Appel was told are hearsay and the alleged co-conspirator's statements about them are inadmissible unless there is sufficient evidence, independent of the memoranda, to show the co-conspirator to be making the statements in furtherance of the alleged conspiracy.

In *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc), *cert den.* 442 U.S. 97 (1991), the Court conditioned admissibility of co-conspirator statements on a sufficient showing, by independent evidence, of a conspiracy of one or more other conspirators and the declarant and that the declarations were in furtherance of the conspiracy. The opinion continued "as a preliminary matter, there must be substantial independent evidence of a conspiracy at least enough to take the question to the jury." *Id.* at 581.

Turning to the order of proof, *James* identified the danger to a defendant in a conspiracy trial when the government tenders a co-conspirator's statement before laying a foundation for its admissibility. Pointing to practices followed in *United States v. Macklin*, 573 F.3d 1046, 1049 n.3. (8th Cir. 1978) and in *United States v. Petrozziello*, 548 U.S. 20, 23 n.3 (1st Cir. 1977), the Fifth Circuit articulated a "statement of a proffered of order of proof in such a case." The Fifth Circuit recommended the following:

> The district court should, whenever reasonably practicable, require the showing of a conspiracy and a connection of the defendant with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practicable to require the showing to be made before admitting the evidence, the court may admit the statement subject to it being tied up.

590 F.3d at 582. Pre-trial hearings seeking to satisfy the recommendation came to be known as "James Hearings."

In this circuit, "the usual course of action" is to admit the hearsay evidence provisionally, subject to a final *Petrozziello* determination, which should be made "at the close of all the evidence and out of the hearing of the jury." *United States v. Baltas*, 236 F.3d 27, 35 (1st Cir. 2001). Nevertheless, "[a]ll in all, this is a matter committed to the broad discretion of the trial court." *Id.* at 31-35 (*quoting United States v. Fragaso*, 978 F.2d 896, 900 (5th Cir. 1997). That broad discretion should be exercised in this case in a manner designed to minimize the danger to both defendants and Sullivan in particular and to spare the alleged co-conspirator the inevitable calumny that comes with the label. The government identified the unindicted co-conspirator to the defendants on October 6, 2016, after having told Defendant Sullivan in a letter on August 19, 2016, that it was not aware of any unindicted co-conspirators. The theory of the government's case has shifted throughout the course of the proceedings, but its focus has always been "City Hall." One city's employee's actions are not properly ascribed to another. It remains reasonably

practicable to determine whether the alleged co-conspirator's statements meet the standard required by *Petrozziello* and *James*.

                Respectfully submitted,

                TIMOTHY SULLIVAN,
                By his attorneys,

                /s/ *William J. Cintolo*
                /s/ *Thomas R. Kiley*
                /s/ *Meredith G. Fierro*

                Thomas R. Kiley (BBO # 271460)
                William J. Cintolo (BBO # 084120)
                Meredith G. Fierro (BBO # 696295)
                COSGROVE EISENBERG & KILEY, P.C.
                One International Place, Suite 1820
                Boston, MA 02110
                617.439.7775 (tel)
                617.330.8774 (fax)
                wcintolo@ceklaw.net
                tkiley@ceklaw.net
                mfierro@ceklaw.net

Dated: July 16, 2019